CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 28 2010

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 5:07CR00063 |
| | ) (Case No. 5:10CV80283) |
| v. | )<br>) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| ISRAEL HERNANDEZ-HERNANDEZ, | ) By: **Glen E. Conrad** |
| | ) **Chief United States District Judge** |
| Defendant. | ) |

The defendant, a federal inmate, brings this motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court finds that the motion is untimely and will accordingly dismiss it.[1]

## Background

Israel Hernandez-Hernandez pleaded guilty in this court, pursuant to a written plea agreement, to one count of conspiracy to distribute more than 50 grams of crack cocaine and one count of using and carrying a firearm during or in relation to a drug trafficking crime. The plea agreement advised Hernandez that the conspiracy count carried a mandatory minimum sentence of ten years and the firearm count carried a mandatory minimum sentence of five years. The plea agreement also indicated that Hernandez had been informed by counsel of the elements of the offenses that the government would have to prove in order to convict him on both charges; that he was pleading guilty because it was in his best interests to do so and not because of any threats or promises; that he and the government stipulated to make no argument for enhancement or

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

reduction of his sentence based on his role in the offense; that he would receive a three-point reduction in his offense level for accepting responsibility by pleading guilty; and that he waived his right to appeal or bring a collateral attack on the judgment or sentence, pursuant to § 2255. Hernandez, by initialing each page of the agreement and signing it at the end indicated his full understanding and acceptance of the terms of this agreement. The court questioned him and was satisfied by his answers to the court, under oath, that he understood the terms of the agreement, the elements of the charges against him, and the consequences of his guilty plea, and that he was voluntarily pleading guilty to the two charges. Therefore, the court accepted his guilty plea.

Several months after the guilty plea hearing, the government moved to dismiss the firearm count against Hernandez, and the court granted that motion. On October 2, 2008, the court conducted a sentencing hearing and sentenced Hernandez to 132 months imprisonment. Judgment was entered on October 7, 2008. Hernandez did not appeal his conviction or sentence.

Hernandez signed and dated his § 2255 motion on September 7, 2010,[2] alleging that his defense counsel was ineffective in various respects. In the § 2255 motion itself, he alleges that although he told counsel several times that he wanted to appeal and to file for post-conviction relief, counsel ignored his requests. The court filed the § 2255 motion conditionally, notified Hernandez that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically directed Hernandez to provide a declaration, signed under penalty of perjury, stating

---

[2] An inmate's § 2255 motion is considered filed on the date when he signs the motion and delivers it to prison authorities for mailing to the court. See Rule 3(d) of the Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner pleadings are considered filed on date delivered to prison authorities for mailing).

facts about his claim that he told his attorney to file an appeal. Hernandez filed a responsive pleading, in which he raised additional claims that counsel was ineffective: in advising Hernandez that he would only get five and a half years in prison if he pleaded guilty; in failing to arrange a meeting with the government to allow Hernandez to make a proper showing that he qualified for a reduced sentence under the "safety valve" provision; in failing to argue that the sentence should be reduced based on the minimal nature of participation or the defendant's status as a deportable alien; in failing to object to the presentence report; and in failing to challenge the amount of drugs for which the defendant was held responsible at sentencing.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. See United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows

him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Because Hernandez did not appeal the judgment in this case, his conviction became final on October 21, 2008, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (2008).[3] He then had one year–until October 21, 2009–in which to file a timely § 2255 motion. As he filed his § 2255 motion, at the earliest, on September 7, 2010, his motion is untimely under § 2255(f)(1).

Hernandez does not allege that any of his claims are based on recent Supreme Court precedent or that any governmental action prevented him from filing his § 2255 motion within one year from the date the conviction became final. Therefore, he does not demonstrate any ground on which his § 2255 motion was timely filed under §§ 2255(f)(2) or (f)(3).

Hernandez appears to argue that his motion should be deemed timely, based on counsel's failure to file a notice of appeal after being requested to do so. If the defendant asked counsel to appeal, reasonably believed that counsel had appealed, and then only later learned that no appeal had been filed, the filing deadline for his § 2255 motion would begin running when he discovered, or reasonably should have discovered, that no appeal had been filed. § 2255(f)(4). However, Hernandez offers no late-discovered facts related to any of his claims from which his one-year filing period could be calculated under § 2255(f)(4).

---

[3] At the time the judgment was entered in this case– October 2008, the Federal Rules of Appellate Procedure required a notice of appeal in a criminal case to be filed within ten business days after entry of the judgment. Pursuant to amendments effective December 1, 2009, Rule 4(b)(1) now requires that a notice of appeal be filed within 14 calendar days from entry of judgment.

The court specifically directed Hernandez to provide facts about his request for counsel to appeal the case:

> The defendant's declaration shall provide the following information, at a minimum: the approximate date and time when the defendant first asked his attorney to file a notice of appeal; the attorney's response to this request; the place and circumstances in which this initial discussion took place; similar details about any additional attempts the defendant made to ask the attorney to file a timely notice of appeal and the responses he received from the attorney; whether the defendant believed, at any time, that the attorney had filed a notice of appeal and why he so believed; and when and how the defendant discovered that no appeal had been filed.

(Order 2, Sept. 14, 2010.) Hernandez filed a declaration under penalty of perjury, alleging that he "tried many times to contact [counsel], to see if it was possible to file an appeal on [his] case, and [counsel] told [him] not, and that the more time the court gave [him] it would be discounted and that not to worry about the sentence." He also alleges that he wrote counsel many letters, without response. Hernandez does not include the dates on which he made any of the alleged requests for appeal or on which he mailed letters to counsel, however. He also does not allege that at any time, he believed that counsel had filed a notice of appeal on his behalf. He merely complains that no appeal was filed. Because Hernandez does not base any of his claims on facts that he could only have discovered, with due diligence, within one year before the date on which he filed his § 2255 motion, he does not demonstrate any ground on which he is entitled to have his filing period calculated under § 2255(f)(4).

Hernandez also does not present any facts on which the court can find that equitable tolling should apply in his case. Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition. See

Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

As stated, Hernandez asserts that counsel was ineffective in advising Hernandez about his guilty plea, the length of the sentence he could expect if he pleaded guilty, the possibility of receiving various reductions in the sentence, and the possibilities for an appeal. Yet, these allegations do not present any circumstance beyond Hernandez's control that prevented him from filing a timely § 2255 motion. Pace, 544 U.S. at 418. He also asserts that the court should construe his motion liberally, because as a non-citizen of the United States, he did not understand the laws of this country, and because he is not a lawyer. Lack of legal expertise, however, is not sufficient grounds for equitable tolling. Id.

## Conclusion

In accordance with the foregoing, the court concludes that the defendant's § 2255 motion is untimely filed and he has failed to demonstrate any grounds warranting equitable tolling. Accordingly, his motion must be summarily dismissed, pursuant to § 2255(f). An appropriate order will issue this day.

The defendant is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). The defendant has failed to demonstrate "a

substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If the defendant intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 28th day of October, 2010.

_____
Chief United States District Judge